**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4918

JEFFREY DENNARD MCNEAIR,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Salisbury.
Frank W. Bullock, Jr., Chief District Judge.
(CR-96-70)

Submitted: September 25, 1997

Decided: October 23, 1997

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John Stuart Bruce, Acting Federal Public Defender, Gregory Davis,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Paul A.
Weinman, Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jeffrey Dennard McNeair appeals his conviction and sentence for his role in a conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846 (1994). Despite pleading guilty to the indictment, McNeair contested the identification of the subject cocaine base as crack cocaine and the attendant increased penalties. See U.S. Sentencing Guidelines Manual § 2D1.1, note (D) (1996). The district court found that the substance was crack cocaine and sentenced McNeair accordingly. McNeair challenges that finding in this court.

The district court's determination that the cocaine base distributed by McNeair, like other factual determinations at sentencing, is reviewed for clear error. See United States v. Stewart, ___ F.3d ___, ___, 1997 WL 543042 at *3 (8th Cir. 1997); United States v. Wade, 114 F.3d 103, 105 (7th Cir. 1997), petition for cert. filed, (U.S. Aug. 4, 1997) (No. 97-5472). A district court's ruling is clearly erroneous only where the reviewing court is left with the"definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). We are left with no such conviction in this case.

The arresting officer testified at sentencing that all of the negotiations regarding the purchase of the substance at issue referred to either crack or "rock," a street term for crack cocaine. The presentence investigation report repeatedly described the object of the transactions as an "off-white rock type substance." The district court had before it the transcript of McNeair's testimony at his brother's criminal trial. McNeair responded to a number of questions referring to the substance at issue as crack or crack cocaine and did not express confusion, uncertainty, or deny that the substance was indeed crack.

The court also considered the trial testimony of the Government's chemist regarding the substance submitted. The chemist described it

2

as large, hard, tan chunks and concluded that it was cocaine base in the form of crack. McNeair submitted a memorandum from a forensic chemist, who identified the two adulterants in the cocaine base analyzed as chemicals other than sodium bicarbonate. Cf. USSG § 2D1.1, note (D). Other than the arresting officer's unfamiliarity with the term "compressed cocaine" and the absence of sodium bicarbonate in the adulterated cocaine base, there was no evidence in the record that the cocaine base at issue was anything other than crack cocaine. Moreover, the arresting officer's credibility is the sole province of the finder of fact. See United States v. Saunders , 886 F.2d 56, 60 (4th Cir. 1989). Because there is ample evidence to prove by a preponderance of the evidence that the substance at issue was crack, see United States v. Ford, 88 F.3d 1350, 1368 (4th Cir.), cert. denied, 65 U.S.L.W. 3369 (U.S., Nov. 18, 1996) (No. 96-6379), there is no clear error on the part of the district court.

Consequently, we affirm McNeair's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED